**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SUSAN J. HOYE AND LEONARDO JIMENEZ, INDIVIDUALLY AND AS THE REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS, AND ON BEHALF OF THE CAMBRIDGE HEALTH ALLIANCE PARTNERSHIP PLAN, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 23-cv-13238-MJJ |
| CHA GENERAL SERVICES, INC.; RETIREMENT PLAN COMMITTEE; AND JOHN AND JANE DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## FINAL APPROVAL ORDER AND FINAL JUDGEMENT

May 15, 2026

JOUN, D.J.

This action came on for a final Fairness Hearing, held on May 12, 2026, on a proposed Settlement (the "Settlement") of this class action (the "Action") and the issues having been duly heard and a decision having been duly rendered,

IT IS HEREBY ORDERED AND ADJUDGED:

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement & Stipulation executed on January 27 and 28, 2026 ("Settlement Agreement").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs have asserted claims on behalf of the Cambridge Health Alliance Partnership 403(b) Plan (the "Plan") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

The Court determines that the Settlement, which requires the payment of $595,000 on behalf of Defendants CHA General Services, Inc. ("CHA" or the "Company"), the Retirement Plan Committee (the "Committee" and, collectively with CHA, "Defendants") has been negotiated vigorously and at arm's length by Class Counsel, with the assistance of a private mediator, including a full day of mediation with the Hon. Mitchell H. Kaplan of JAMS Mediation, Arbitration and ADR Services, and further finds that, at all times, Plaintiffs have acted independently and that their interests are aligned with the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's, and that the Plan does not have any

2

additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and the Plan's participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action for settlement purposes as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

All persons who were participants in or beneficiaries of the Cambridge Health Alliance Partnership Plan at any time between December 29, 2017, and the date upon which the Preliminary Approval Order is entered.

A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan at any time during the Class Period of December 29, 2017, through the date upon which the Preliminary Approval Order was entered.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Fair Work, P.C., as Class Counsel.

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against all named defendants with prejudice.

As of the date of Final Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Class Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Released Parties from the Released Claims.

As of the date of Final Settlement Approval and payment of the Settlement Amount, all release provisions in the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assume for themselves (and on behalf of the Settlement Class) and Defendants assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

4

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties.

The attorney's fees and litigation expenses sought by Class Counsel are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees and litigation expenses in the amount of $198,300 (33%) of the common fund established in this Action.

Plaintiffs Susan J. Hoye and Leonardo Jimenez are hereby awarded case contribution awards in the amount of $2,500 each.

Class Counsel's attorney's fees and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Settlement Agreement.

The Plan of Allocation is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this judgment and shall be considered separate from this judgment.

Without affecting the finality of this judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge